## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| QUINTEN BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 18CV486 |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal | ) | Judge |
| corporation, and Chicago police officers | ) | |
| BRAYAN JAUREGUI #4898 and NICOLAS | ) | Magistrate Judge |
| MORALES, JR. #9364, and STEVEN | ) | |
| SABATINO #2621, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, QUINTEN BRADLEY ("BRADLEY"), by and through his attorneys, makes the following complaint against Defendants the CITY OF CHICAGO, Illinois, and Chicago police officers BRAYAN JAUREGUI #4898 and NICOLAS MORALES, JR. #9364 ("Defendant OFFICERS"), and STEVEN SABATINO (Defendant SERGEANT) #2621:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of BRADLEY's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because the events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. Plaintiff QUINTEN BRADLEY is a 25 year-old urban farmer and a resident of Chicago, Illinois.

5. At all relevant times, Defendant OFFICERS are or were Chicago Police Officers, employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois, and was or is the employer and principal of Defendant OFFICERS and SERGEANT. Should BRADLEY prevail on his claims, Defendant CITY is liable to BRADLEY as the principal on BRADLEY's state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on BRADLEY's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On May 17, 2017 at about 6:27 p.m. BRADLEY was returning home from work in his 2005 Buick.

8. BRADLEY had a valid driver's license, insurance, and was obeying all traffic laws and ordinances.

9. At approximately 6:27 p.m. on May 17, 2017 Defendants were on duty as Chicago police officers.

10. As BRADLEY was parallel parking his car near his home at 5800 South Kedzie in Chicago, Illinois Defendant OFFICERS pulled up closely behind him in a marked Chicago Police Department vehicle.

11. One of the Defendant OFFICERS got out of the police vehicle and approached BRADLEY, pointing his Taser at him and ordering BRADLEY out of the car.

12. BRADLEY asked for a supervisor to be called to the scene.

13. Defendant SABATINO was dispatched to the scene.

14. BRADLEY got out of his car and Defendant OFFICERS immediately placed handcuffs on him.

15. BRADLEY did not resist Defendant OFFICERS or do anything to indicate he was a threat to them.

16. Defendant OFFICERS searched BRADLEY's person, and removed his keys, wallet and mobile phone from his pockets.

17. Defendant OFFICERS searched BRADLEY's car.

18. Defendant OFFICERS left BRADLEY's car in total disarray with papers and items all over the seats and floor.

19. There was nothing illegal on BRADLEY's person or in his car.

20. Defendant OFFICERS never asked BRADLEY for his driver's license or proof of insurance.

21. BRADLEY's driver's license and proof of insurance were in his wallet.

22. Defendant OFFICERS arrested BRADLEY, despite the fact that he had not committed any crime.

23. Defendant SABATINO never interviewed BRADLEY.

24. Defendant OFFICERS put BRADLEY in a police wagon and had him transported to the 8th District police station.

25. One of the Defendant OFFICERS drove BRADLEY's car to the police station, even though it had been parked legally on the street in front of BRADLEY's home.

26. Defendant OFFICERS created false police reports and criminal complaints relating to the circumstances of BRADLEY's arrest.

27. Defendant OFFICERS caused BRADLEY to be charged with criminal offenses for resisting arrest, playing his music too loudly, and operating an uninsured vehicle.

28. BRADLEY was held overnight in a jail cell at the 8th District police station.

29. After appearing in court the next morning, BRADLEY was released on bond and ordered to return to court on June 9, 2017.

30. Defendant OFFICERS were aware of June 9th court date.

31. BRADLEY had to hire a criminal defense attorney to represent him on the criminal charges Defendant OFFICERS initiated against him.

32. On June 9, 2017, BRADLEY appeared in court with his attorney.

33. Neither of the Defendant OFFICERS who arrested BRADLEY and filed the false complaints against him appeared in court.

34. The Cook County State's Attorney's Office dismissed the criminal complaints Defendant OFFICERS had filed against BRADLEY.

35. Neither of Defendant OFFICERS ever attempted to have the criminal charges against Bradley reinstated.

36. Defendant OFFICERS impounded BRADLEY's car on May 17, 2017.

37. Sometime after they impounded his car, Defendant OFFICERS put BRADLEY's wallet inside his car.

38. Defendant OFFICERS never returned BRADLEY's mobile phone.

39. BRADLEY could not get his car out of the impoundment lot without his driver's license, which was in his wallet inside his car.

40. BRADLEY had to go to the DMV to get a state ID in order to get his car.

41. BRADLEY had to pay $710.00 to get his car out of Defendant CITY's impoundment lot.

42. BRADLEY filed an appeal with Defendant CITY's Department of Administrative Hearings seeking a refund of the impoundment fees he paid to secure the release of his car.

43. Defendant CITY set the hearing date for this administrative appeal on June 14, 2017.

44. BRADLEY took June 14, 2017 off work and appeared at the administrative hearing with his attorney.

45. Neither of the Defendant OFFICERS who arrested BRADLEY and impounded his car appeared for the administrative hearing.

46. Defendant CITY requested a continuance so that the Defendant OFFICERS could appear to testify. The hearing was continued until August 25, 2017.

47. On August 25, 2017, BRADLEY took another day off work and appeared at the administrative hearing with his attorney.

48. Once again, Defendant OFFICERS did not appear for the hearing.

49. Defendant CITY agreed to an order that the impounding fees BRADLEY paid be refunded to him.

### COUNT I
50. (42 U.S.C. § 1983, Unlawful Search and Seizure)

51. Each of the foregoing paragraphs is incorporated as if fully restated here.

52. As described above, Defendant OFFICERS seized and searched BRADLEY and his vehicle, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

53. Both Defendant OFFICERS were aware of the misconduct of his fellow Defendant OFFICER, had a reasonable opportunity to intervene to prevent it, but failed to do so.

54. As a direct and proximate result of this illegal arrest and failure to intervene, BRADLEY suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE**, BRADLEY prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorneys' fees, and other such relief as is just and equitable.

### COUNT II
(42 U.S.C. § 1983, Excessive Force)

55. Each of the preceding paragraphs is incorporated as if fully restated here.

56. As described above, the intentional conduct of Defendant OFFICERS towards BRADLEY was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

57. Each Defendant OFFICER was aware of the misconduct of his fellow officer, had a reasonable opportunity to intervene and prevent it, but failed to do so.

58. As a direct and proximate result of this excessive force and failure to intervene, BRADLEY suffered damages, which will be proven at trial.

     **WHEREFORE,** BRADLEY prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. §1983 Supervisory Liability)

59. Each of the foregoing paragraphs is incorporated as if fully restated here.

60. As described above, Defendant SABATINO was the supervisor on the scene of BRADLEY's arrest.

61. As described above, the Defendant OFFICERS unlawfully seized and searched BRADLEY, and used unreasonable force in arresting him, in violation of the Fourth Amendment to the United States Constitution.

62. At all relevant times, Defendant SABATINO is or was a sergeant and a supervisory-level police official on the Chicago Police Department.

63. It was the responsibility of Defendant SABATINO to supervise the conduct of Defendant OFFICERS who violated BRADLEY's constitutional rights.

64. Rather than properly supervising the Defendant OFFICERS, Defendant SABATINO condoned or was recklessly indifferent to their unlawful behavior and failed to take appropriate steps to investigate the situation or prevent harm to BRADLEY.

65. As a direct and proximate result of Defendant SABATINO's failure to supervise Defendant OFFICERS, BRADLEY suffered damages, which will be proven at trial.

**WHEREFORE,** BRADLEY prays for a judgment against Defendant SABATINO in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### COUNT IV
(Illinois Malicious Prosecution Claim)

66. Each of the foregoing paragraphs is incorporated as if fully restated here.

67. As described above, Defendant OFFICERS willfully, intentionally and recklessly initiated criminal proceedings against BRADLEY and/or caused those proceedings to continue without probable cause to believe BRADLEY had committed any of the crimes charged.

68. Defendant OFFICERS created false and inaccurate police reports and other documents pertaining to the circumstances of BRADLEY's arrest, and provided false information to prosecutors handling BRADLEY's criminal case. This was done with malice and/or reckless indifference to BRADLEY's rights.

69. The criminal case against BRADLEY was terminated in his favor, in a manner indicative of his innocence.

70. As a direst and proximate result of Defendant OFFICERS' malicious prosecution, BRADLEY suffered damages, which will be proven at trial.

**WHEREFORE**, BRADLEY prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, as well as such other relief as is just and equitable.

**BRADLEY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

QUINTEN BRADLEY, Plaintiff

7

By: /s Torreya L. Hamilton
    One of Plaintiff's Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

By: /s Thomas P. Needham
    One of Plaintiff's Attorneys

The Law Office of Thomas P. Needham
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3171
tpn@needhamlaw.com
Attorney No. 6188722